UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAURENE COUVILLION                          CIVIL ACTION

VERSUS                                      NO: 12-1451

AMICA MUTUAL INSURANCE COMPANY              SECTION: R
and RUBJIT KAUR NAGPAL

**ORDER AND REASONS**

Before the Court is plaintiff's motion to remand. Because the Court finds that defendants' removal was timely, the Court DENIES plaintiff's motion.

I.  BACKGROUND

This matter arises out of a car accident that occurred on December 13, 2010 when Rubjit Kaur Nagpal hit the back of plaintiff's car when she was stopped at a traffic light. On October 14, 2011, plaintiff filed suit against Nagpal, Amica Mutual Insurance Company, and State Farm Mutual Insurance Company in the 29th Judicial District Court for the Parish of St. Charles.[1] Plaintiff seeks damages for serious bodily injuries, past and future medical expenses, pain and suffering, and disability.[2] Plaintiff is domiciled in Louisiana, Nagpal in Texas, and Amica in Rhode Island.[3] In her petition, plaintiff

---

[1]  R. Doc. 1-4 at 30-33. State Farm was dismissed from the case in April 2012.

[2]  *Id.*

[3]  R. Doc. 1 at 2.

stated that the total claim against State Farm did not exceed $75,000 exclusive of interest and costs, but she did not indicate whether the claim against Nagpal and Amica fell above or below $75,000. In the course of discovery, plaintiff responded to defendants' interrogatories on May 10, 2012 and stated that the amount in controversy exceeded $75,000.[4] On June 6, 2012, Amica and Nagpal removed the suit to federal court.[5] Plaintiff now moves to remand the suit on the grounds that removal was untimely.

## II. STANDARD

A defendant may generally remove a state court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 34 (2002). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted). To assess whether jurisdiction is appropriate, the Court considers "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). "Any ambiguities are construed against

---

[4] R. Doc. 1-4 at 8.

[5] R. Doc. 1.

2

removal because the removal statute should be strictly construed in favor of remand." *Manguno,* 276 F.3d at 723. Although the Court must remand the case to state court if at any time before final judgment it appears that the Court lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 456 (5th Cir. 1996).

A district court has original jurisdiction in a case in which the amount in controversy exceeds $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332. Section 1446(b) addresses the timeliness of removal and provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1),(3). The time limit of § 1446(b)(1) is triggered "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 210 (5th Cir. 2002) (quoting *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992)).

3

When it is unclear from the complaint whether the minimum jurisdictional amount is met, then the time limit of § 1446(b)(3) is triggered when other pleadings, motions, or papers make it "unequivocally clear or certain" that the lawsuit is removable. *Bosky,* 288 F.3d at 211. The burden is on the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id* at 210. A defendant must demonstrate that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount or must set forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas, Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

**III. DISCUSSION**

Defendants contend that their removal on June 6, 2012 was timely under § 1446, since defendants did not learn that the amount in controversy exceeded $75,000 until plaintiff responded to defendants' interrogatories on May 10, 2012. A response to an interrogatory constitutes an "other paper" from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3); *Chapman*, 969 F.2d at 164. Plaintiff asserts, however, that her state court petition "revealed on its face" that the amount in controversy exceeded $75,000, and thus the removal period concluded 30 days after defendants received the pleading. Plaintiff's petition did not claim a specific amount of damages,

4

because Louisiana law precludes such a pleading. La. Civ. Code art. 893. Instead, plaintiff points to Nagpal's uninsured status, the amount of Amica's policy, the nature of her claimed damages, and the MRI report sent to defendants that described plaintiff's injuries, in alleging that her petition made it "facially apparent" that the amount in controversy for diversity jurisdiction had been met.

Plaintiff's petition states that "the evidence in this case will reflect that the primary insurance in favor of defendant, Rubjit Kaur Nagpal, is insufficient to satisfy the amount of damages herein."[6] But, although the petition establishes that Nagpal qualified as an uninsured motorist and that State Farm, as plaintiff's underinsured/uninsured insurance carrier, was thereby obligated to pay plaintiff $15,000, such information does not assist the Court in determining whether plaintiff's claimed damages exceeded $75,000. Neither does plaintiff's statement that the amount of Amica's liability coverage is $500,000. In her petition, plaintiff does not assert that the amount of her claim approached or exceeded the policy limit, and "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy." *Mediamolle v. State Farm Ins. Co.*, No. 07-8648, 2008 WL 834378, at *2 (E.D. La March 27,

---

[6] R. Doc. 1-4 at 32.

5

2008) (citing *Hartford Ins. Grp. V. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

Plaintiff next contends that the damages described in the petition established the minimum jurisdictional amount in controversy. The petition states that plaintiff suffered "serious bodily injuries, including but not limited to her neck and shoulder, together with loss of enjoyment of life, past and future mental anguish and physical suffering, past and future expenses for medical care, including expenses for travel to her physicians' office, and permanent disability..."[7] Plaintiff does not specify the nature of the injuries to her neck or shoulder, the nature of the disability she suffered, or the nature of any medical treatment that she has received or expects to receive. *See, e.g., Jacob v. Greyhound Lines, Inc.,* No. 02-2199, 2002 WL 31375612, at *2 (E.D. La. Oct. 21, 2002) (citing petition's lack of specificity regarding damages in holding that petition did not make the amount in controversy facially apparent). In addition, plaintiff does not allege a need for surgery, emergency transportation, or hospital stays, all of which would greatly increase the monetary value of her claims. *See Bonck v. Marriott Hotels, Inc.,* No. 02-2740, 2002 WL 31890932, at *2 (E.D. La. Dec. 30, 2002) (noting lack of allegations regarding surgery or hospitalizations in holding that damages were not facially

---

[7] R. Doc. 1-4 at 31.

apparent); *Moore v. J.C. Penney Co., Inc.*, No. 00-0083, 2000 WL 385516, at *3 (E.D. La. Apr. 13, 2000) (complaint did not allege damage from emergency transportation, hospital stays, specific types of medical treatment, and other types of damages that would support a substantially larger monetary basis for federal jurisdiction).

When a petition for damages includes vague allegations of damages from which it is difficult to determine the amount in controversy, a defendant may conduct discovery to determine whether the case is removable. *De Aguilar,* 47 F.3d at 1408; *McKendall v. Home Depot U.S.A., Inc.*, No. 08-4665, 2009 WL 482156, at *2 (E.D. La. Feb. 25, 2009). This Court has previously found that allegations of "serious and permanent injuries" to plaintiff's neck, back and shoulder did not put defendant on notice that plaintiff's claim was removable. *Jacob,* 2002 WL 31375612, at *3. Neither did claims of permanent disability. *See Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 3189093, at *2 (E.D. La. Dec. 30, 2002). Plaintiff relies on *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 (5th Cir. 2000), for her contention that it was "facially apparent" from plaintiff's original petition that the claimed damages exceeded $75,000. But there, in addition to alleging damages for medical expenses, pain and suffering, loss of enjoyment of life, and permanent disability, plaintiff also alleged loss of wages and earning

7

capacity and permanent disfigurement. *Id.* at 883. In the instant case, plaintiff made many of the same allegations, but she did not include claims for wage loss and earning capacity, which would increase the amount in controversy substantially. See, e.g., McKendall, 2009 WL 482156, at *2 (noting plaintiff's lack of claims for future wage loss as relevant factor in holding that pleading did not trigger 30-day removal period).

Further, the plaintiff in *Gebbia* alleged disfigurement and injuries to her wrist, knee, patella, and upper and lower back, whereas here, plaintiff states that she suffered injuries to her neck and shoulder, with a vague allusion to other injuries.[8] *See Touchet v. Union Oil Co. of California*, No. 01-2394, 2002 WL 465167, at *2 (E.D. La. Mar. 26, 2002) ("The additional allegations of injury to her right wrist, left knee and patella, and of disfigurement, distinguish the petition in *Gebbia* from the petition at issue in this case."); *Bonck*, 2002 WL 31890932, at *2. Because of the differences between the damages sought in *Gebbia* and plaintiff's allegations here and the vagueness of plaintiff's claims for damages, the Court finds that the petition did not make it facially apparent that the amount in controversy exceeded $75,000.

Plaintiff also claims that her MRI results, sent to defendants two months before suit was filed, put defendants on

---

[8] R. Doc. 1-4 at 31.

notice that the amount in controversy exceeded $75,000. But, plaintiff did not refer to the information in the MRI report in her petition, and she did not submit the MRI or other documents to allow the court to determine whether the minimum jurisdictional amount had been established. *See Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *2 (E.D. La. June 20, 2011) (citing *Allen*, 63 F.3d at 1336) (if the "facially apparent" test fails, the court may consider summary judgment type evidence such as affidavits to assess the amount in controversy).

Morever, although under § 1446(b)(3), the thirty-day period to remove begins to run after receipt of a paper that indicates that the case is removable, the Fifth Circuit has stated that documents received before suit is filed will not trigger the thirty-day period as an "other paper." *Chapman*, 969 F.2d at 164 ("Logic dictates that a defendant can first ascertain whether a case is removable from an other paper only after receipt of both the initial pleading and that other paper."). In *Chapman*, the Court found that a demand letter plaintiff sent to defendant before filing suit, which estimated plaintiff's damages, could not be used to establish the amount in controversy. *Id.* Thus, the thirty-day period to file began upon defendant's receipt of the initial pleading. *Id.* Because plaintiff did not incorporate the information from her MRI report into her petition or provide

it to defendants after suit was filed, the Court finds that the report did not trigger the removal period under either § 1446(b)(1) or (3).[9] Thus, defendants could not ascertain that the case was removable until they received plaintiff's interrogatory response on May 20, 2012. Their removal of the suit on June 6, 2012 was therefore timely.

IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this **24th** day of September, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[9] To the extent that the MRI report can be considered evidence of the amount in controversy, it contains only technical medical details that provide no indication of the associated cost or extensiveness of treatment. R. Doc. 9-4; 9-5. Further, information exchanged by the parties before suit was filed suggests that the car accident was a minor incident, which would counter any implications of extensive damages presented by the MRI report. See R. Doc. 9-2; 11-1.