UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAURENE COUVILLION                          CIVIL ACTION

VERSUS                                      NO: 12-1451

AMICA MUTUAL INSURANCE COMPANY              SECTION: R
and RUBJIT KAUR NAGPAL

**<u>ORDER AND REASONS</u>**

Defendants move to strike evidence on plaintiff's alleged future medical expenses that were provided to defendants on August 1, 2013. For the following reasons, defendants' motion is DENIED.

**I. BACKGROUND**

The Court issued a scheduling Order in this personal injury case on December 27, 2012.[1] That Order provided that discovery would be complete by July 3, 2013.[2] On August 2, 2013, defendants filed this motion, contending that on August 1, 2013, plaintiff produced several documents pertaining to future medical expenses that plaintiff alleges she will incur as a result of the accident at issue in this case.[3] Defendants ask the Court to exclude this evidence because it was produced after the deadline for the completion of discovery set forth in the Scheduling Order.

---

[1]   R. Doc. 15.

[2]   *See id.*

[3]   R. Doc. 22.

## II. DISCUSSION

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. *See* Fed. R. Civ. P. 16(b). Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). The Federal Rules of Civil Procedure specifically authorize the Court to sanction a party for failing to comply with its scheduling order by excluding evidence. *See* Fed. R. Civ. P. 16(f), 37(b)(2).

In *Geiserman*, the Fifth Circuit listed four factors that a court should consider in exercising its discretion to exclude evidence that is not produced in accordance with a court's order: (1) a party's explanation for its failure to produce the evidence; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the evidence; and (4) the availability of a continuance to cure such prejudice. *Geiserman*, 893 F.3d at 791; *see also Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). "[A] trial court's decision to exclude evidence as a means of enforcing a pretrial order 'must not be disturbed' absent a clear abuse of discretion." *Geiserman*, 893 F.3d at 790 (quoting *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)).

With regard to the first *Geiserman* factor, plaintiff contends that she provided the cost estimates at issue to

2

defendants "in anticipation of an upcoming settlement conference," and that defendants should have been aware of these claimed expenses based on earlier discovery provided by plaintiffs.[4] Specifically, plaintiff argues that she produced to defendants in May 2012 a cost estimate for the surgery and an explanation that plaintiff would also incur facility and anesthesia fees.[5] Plaintiff also notes that Dr. Junius stated in his deposition on January 16, 2013 that he recommended surgery for plaintiff, and that she would incur facility costs of between five and twenty thousand dollars, as well as fees for roughly six weeks of physical therapy.[6] Dr. Batheson provided an estimate for physical therapy expenses in his deposition on June 25, 2013.[7]

The Court credits plaintiff's explanation that she produced the documents in anticipation of the settlement conference. Given that defendants should have already been aware of the alleged future medical expenses based on the discovery discussed above, it is not plausible that plaintiff produced the documents in question in an attempt gain an advantage through unfair surprise. But, on the other hand, plaintiff's explanation does not account for her failure to produce the documents before the July 3 discovery deadline. Magistrate Judge Knowles first issued an

---

[4]   R. Doc. 24 at 4.

[5]   *See* R. Doc. 24-1.

[6]   R. Doc. 24-2 at 3-5.

[7]   R. Doc. 24-3 at 3.

order scheduling a settlement conference on June 21, 2013, well before the deadline to complete discovery.[8] Accordingly, because plaintiff has not adequately explained her failure to comply with the Court's scheduling order, the first factor weighs in favor of exclusion of the evidence.

Turning to the second *Geiserman* factor, the evidence in question is very important to plaintiff's case, given the high cost of the surgery and plaintiff's claim that the surgery is necessary as a result of the accident. This factor thus weighs against exclusion.[9]

For the reasons discussed above in connection with the first *Geiserman* factor, defendants would not be prejudiced by the introduction of this evidence at trial. Defendants have been on notice for over a year that plaintiff is seeking future medical expenses related to the surgery in question.[10] Accordingly, the third *Geiserman* factor weighs strongly against exclusion.

Finally, because defendants had sufficient notice that plaintiff's future medical expenses would be at issue in this

---

[8]    R. Doc. 18.

[9]    The Fifth Circuit has previously interpreted this factor to weigh against admitting the evidence in question. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996); *Geiserman*, 893 F.3d at 791. Its latest discussion of this factor, however, held that, while not dispositive, the importance of the evidence weighs in favor of admitting the testimony. *Betzel*, 480 F.3d at 707-08; *see also Fisher v. United States*, No. 09-7038, 2011 WL 232181, at *4 (E.D. La. Jan. 24, 2011) (following *Betzel*'s application of the second factor).

[10]    *See* R. Docs. 24-1, 24-2, 24-3.

case, the Court finds that a continuance is unnecessary. Indeed, a continuance is highly undesirable at this late stage of the litigation.

Although the first *Geiserman* factor weighs against admission of the evidence, the remaining factors weigh strongly in favor of admission. Accordingly, the Court finds that admission of the documentation of plaintiff's future medical expenses would not undermine "the integrity and purpose" of the Scheduling Order. *Geiserman*, 893 F.2d at 790.

## III. CONCLUSION

For the foregoing reasons, defendants' motion is DENIED.


New Orleans, Louisiana, this 12th day of August, 2013.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE